## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| Glynndeavin von Fox, | ) | Case No. 2:16-cv-98-RMG-MGB |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Charleston City Police Department, | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

Pending is the *pro se* Plaintiff's "Motion for Leave to Proceed *in forma pauperis"* ("IFP"). (DE# 3). In the second of many civil actions Plaintiff recently filed in this Court, Plaintiff sues the "Charleston City Police Department" and (perhaps) the Savage Law Firm.[1] Pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. Pursuant to Local Civil Rule 73.02(B)(2) (D.S.C.), the Magistrate Judge is authorized to review the complaint and to submit findings and recommendations to the District Judge.[2] Upon review, the Magistrate Judge recommends that the Plaintiff's motion to proceed IFP be **denied** and that the case be **summarily dismissed** for the following reasons:

## I.  Relevant Law

### A. Liberal Construction for *Pro se* filings

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). The liberal construction afforded *pro se* pleadings means

---

[1] Even though Plaintiff does not list the law firm in the caption of his Complaint, he lists the firm as a defendant on the next page. (DE# 1 at 2, ¶ II "Parties").

[2] The Fourth Circuit Court of Appeals recently held that an order denying leave to proceed IFP is the "functional equivalent" of a dismissal, and thus, is outside the scope of a magistrate's authority. *Hunter v. Roventini*, 617 F. App'x 225, 226 (4th Cir. 2015) (unpublished).

that if the court can reasonably read the pleadings to state a valid claim, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### B. Applications to Proceed IFP

A plaintiff may pursue a civil action in federal court without prepayment of the filing fee if he submits an affidavit containing a statement of his assets and demonstrates that he cannot afford to pay the required filing fee. 28 U.S.C. § 1915(a)(1). The purpose of the IFP statute is to assure that indigent persons have equal access to the judicial system by allowing them to proceed without having to pay the filing fee. *Flint v. Haynes*, 651 F.2d 970, 973 (4th Cir.1981), *cert. denied*, 454 U.S. 1151 (1982). A plaintiff does not have to prove that he is "absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U .S. 331, 339 (1948).

An affidavit to proceed IFP is sufficient if it states facts indicating that the plaintiff cannot afford to pay the filing fee. *Adkins*, 335 U.S. at 339. If a court determines at any time that the allegation of poverty in an IFP application is not true, then the court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(A); *and see, e.g., Justice v. Granville Cty. Bd. of Educ.,* 2012 WL 1801949 (E.D.N.C. May 17, 2012) ("dismissal is mandatory if the court concludes that an applicant's allegation of poverty is untrue"), *affirmed by*, 479 F. App'x 451 (4th Cir. Oct. 1, 2012), *cert. denied*, 133 S.Ct. 1657 (2013); *Berry v. Locke*, 2009 WL 1587315, *5 (E.D.Va. June 5, 2009) ("Even if Berry's misstatements were made in good faith, her case is subject to dismissal because her allegation of poverty was untrue"), *appeal dismissed*, 357 F. App'x 513 (4th Cir. 2009). Prior

to statutory amendment in 1996, courts had discretion to dismiss a case if it determined that an allegation of poverty was untrue. *See Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The 1996 amendment changed the words "may dismiss" to "shall dismiss." Mandatory dismissal is now the majority view, and district courts in the Fourth Circuit have adhered to the majority view. *See, e.g., Justice*, 2012 WL 1801949, *6 n.5; *Staten v. Tekelec*, 2011 WL 2358221, *1 (E.D.N.C. June 9, 2011); *Berry*, 2009 WL 1587315, *5.

## II. Discussion

### A. IFP Not Warranted

In his IFP motion filed on January 11, 2016, Plaintiff indicates that he is employed by "Fox Consulting Firm, LLC" and that his "take-home pay or wages" are $1,200.00 monthly. (DE# 3, ¶ 2). On the printed form, he checks boxes indicating that in the past 12 months, he has received income from (a) business, profession, or other self-employment; (b) rent payments, interest, or dividends; (d) disability or worker's compensation payments; and (e) gifts or inheritances. (*Id.* ¶ 3). He did not check boxes (c) and (f). Plaintiff explains that the amount he received for (a) was $50.00; (b) $1,200.00; (d) $1,200.00; and (e) $500.00. (*Id.*). He indicates that he has $1,000.00 in his bank account. (*Id.* ¶ 4). [3] Plaintiff also indicates he has assets valued at $140,000.00. (*Id.* ¶ 5).[4]

---

[3] In the many different cases filed by Plaintiff in this Court so far in 2016, his different IFP motions indicate bank account balances between $1,000.00 and $300.00. The Court may properly take judicial notice of such records. *See Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("the most frequent use of judicial notice is in noticing the content of court records"). Additionally, the Court takes judicial notice of the fact that Plaintiff has filed numerous cases in the state courts, which have also denied him permission to proceed IFP and summarily dismissed the cases. *See, e.g.*, Charleston County Circuit Court Case Nos. 2016CP1000297; 2016CP1000320; 2016CP1000321; 2016CP1000322; 2016CP1000352; 2016CP1000515; 2016CP1000516. Although Plaintiff checked "no" on his federal complaint form in response to the question "have you begun other lawsuits in state or federal court dealing with the same facts involved in this action" (DE# 1 at 1, Sec. I, ¶ A), Plaintiff has in fact filed at least one state lawsuit on the same facts as the present case.

[4] Plaintiff initially wrote $150,000.00 but crossed it out, and then wrote $140,000.00. In other IFP motions recently filed in this Court, Plaintiff indicates the $140,000.00 valuation is for "real estate and stocks." *See, e.g.*, D.S.C. Case No. 2:16-cv-181, DE# 3.

Plaintiff indicates he has no debts or other financial obligations. (*Id.* ¶ 8). Although Plaintiff indicates that he pays $130.00 monthly for his cell phone, $2,000.00 for tuition, $100.00 for property taxes and insurance, and $800.00 for support of two dependents (*Id*. ¶¶ 6-7), the Court's docket reflects that Plaintiff indicated in IFP motions in other civil actions filed on or after January 11, 2016 that he has no expenses for "housing, transportation, utilities, or loan payments, or other regular monthly expenses."[5]

Plaintiff indicates he has monthly income of $1,200.00, assets of $140,000.00, and no debts, which suggests that he has the ability to pay the filing fee in this case (and other cases). *See Justice,* 2012 WL 1801949, *3 (denying IFP status where plaintiff indicated he owned real and personal property with a total value of $113,500.00 because "the benefit of filing IFP was not intended to allow individuals with significant real and personal property interests to avoid paying a filing fee of $350.00 in each case"). Based on the record presently before the Court, it appears that Plaintiff can pay the filing fee in this case. (*Id*. at *5, "the court does not agree that plaintiff is actually impoverished," thus denying IFP status and dismissing four civil lawsuits by the same *pro se* plaintiff). This case should therefore be dismissed. 28 U.S.C. § 1915(e)(2)(A); *see Thomas v. GMAC*, 288 F.3d 305, 306 (7th Cir.2002) ("Because the allegation of poverty was false, the suit had to be dismissed; the judge had no choice."); *Justice,* 2012 WL 1801949 at *6 n. 5.[6] *See, e.g.,*

---

[5] See D.S.C. Case Nos. 2:16-cv-98; 2:16-cv-106; 2:16-cv-131; 2:16-cv-132; 2:16-cv-136; 2:16-cv-179; 2:16-cv-180; 2:16-cv-181; 2:16-cv-182; 2:16-cv-183; 2:16-cv-184; 185; 2:16-cv-186; 2:16-cv-197; 2:16-cv-188; 2:16-cv-209; 2:16-cv-225; 2:16-cv-227; 2:16-cv-228; 2:16-cv-394.

[6] When denying leave to proceed IFP, the dismissal may be with or without prejudice, in the court's discretion. See *Staten*, 2011 WL 2358221, *2 (indicating that dismissal with prejudice "for an untrue allegation of poverty … is appropriate only when the applicant intentionally misrepresented his … financial condition, acted with bad faith, and/or engaged in manipulative tactics or litigiousness"); *Berry*, 2009 WL 1587315, *5 (same, citing *Thomas*, 288 F.3d at 306-308); *In re Sekendur*, 144 F. App'x at 555 (7th Cir. 2005) ("a court faced with a false affidavit of poverty may dismiss with prejudice in its discretion"). While Plaintiff appears "litigious," the record does not establish that Plaintiff "intentionally misrepresented his financial condition." Rather, the facts in his affidavit simply do not indicate that he is entitled to proceed IFP. Hence, dismissal without prejudice may be appropriate.

*Cabbil v. United States*, Case No. 1:14-cv-04122-JMC-PJG, 2015 WL 6905072, *1 (summarily dismissing without prejudice; plaintiff was not entitled to proceed IFP); *Willingham v. Cline*, 2013 WL 4774789 (W.D.N.C. Sept. 5, 2013) (same).

### B. The Complaint is Subject to Summary Dismissal

The Complaint is subject to summary dismissal for several additional reasons. To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

To the extent the Plaintiff is attempting to sue the Savage Law Firm under § 1983 for allegedly "withholding documents" from him (DE# 1 at 2, ¶ C), such claim is subject to summary dismissal because purely private conduct is not actionable under § 1983. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citing *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). The Complaint does not allege that such defendant acted "under color of state law." *See DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999) (the defendant "must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions"), *cert. denied*, 529 U.S. 1033 (2000). Private activity is generally not "state action." *Id.* at 507. In fact, despite listing the law firm as a "defendant" (DE# 1 at ¶ II C), Plaintiff does not even mention the law firm in his "Statement of the Claim." (*Id.* at 4-7). Plaintiffs' Complaint fails to state a claim against the defendant law firm and should be summarily dismissed.

Plaintiff also complains that he learned from his Pre-Trial Intervention program co-ordinator that he has "a police charge on my FBI or SLED background check" for "breaking and entering into a five star hotel at the Market Pavilion Hotel." A state records check indicates that

Plaintiff was arrested on January 5, 2013, on various criminal charges, including assault on a police officer (SC statute 16-3-630a) and throwing of bodily fluids (SC statute 24-13-470). To the extent Plaintiff suggests that the police department filed a "false" report against him, such allegation does not state a claim under 42 U.S.C. § 1983. *See Jarrett v. Twp. of Bensalem*, 312 F. App'x 505, 507 (3d Cir. 2009) (finding that there is no constitutional right to correct a police report); *Smith v. Patri*, 99 F. App'x 497, 498 (5th Cir. 2004) ("[T]here is no right to a completely accurate police report."); *Landrigan v. City of Warwick*, 628 F.2d 736, 745 (1st Cir. 1980) ("the mere filing of the false police reports, by themselves and without more, did not create a right of action in damages under 42 U.S.C. § 1983").

In the present civil suit, Plaintiff appears to be challenging the factual basis for pending state criminal charges. State records reflect that Plaintiff has also filed essentially the same case in state court, which denied leave to proceed IFP and summarily dismissed the case on February 2, 2016. See Charleston County Circuit Court Case No. 2016CP1000515.[7] To the extent Plaintiff is challenging the basis for pending state criminal charges, such claim is not cognizable here. The United States Supreme Court has held that "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.*

With respect to suits based on pending criminal charges, this Court has explained that:

---

[7] See http://jcmsweb.charlestoncounty.org.

> Although the decision in *Heck v. Humphrey* concerned a conviction, its rationale is also applicable to pending charges. In this regard, *Heck* has been held to bar "damage claims which, if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal charge." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 898 n. 8 (7th Cir.2001); *see Smith v. Holtz*, 87 F.3d 108 (3d Cir.1996) (holding that a claim challenging the validity of a future conviction raises the same concerns as a claim challenging the legality of a conviction and, as a result, "does not accrue so long as the potential for a judgment in the pending criminal prosecution continues to exist.").

*Vanover v. Blendowski*, Case No. 3:05-2956-DCN-JRM, 2006 WL 3513682, *7 (D.S.C. Dec. 5, 2006); *see also Green v. Dewitt*, Case No. 8:06-0626-MBS-BHH, 2006 WL 1074983, *3 (D.S.C.2006) (summarily dismissing for several reasons, including that plaintiff's claims regarding his arrest and pending criminal charges were barred by *Heck*). In *Green*, the Court further pointed out that "absent extraordinary circumstances, federal district courts are not authorized to interfere with a state's pending criminal proceedings." *Id*. (citing *Younger v. Harris*, 401 U.S. 37, 44 (1971) and finding that "because the … charges are still pending, summary dismissal of Plaintiff's Complaint to the extent that it addresses Plaintiff's claims about his arrest and subsequent confinement is proper under 28 U.S.C. § 1915(e)(2)(B)"). Plaintiff's present federal lawsuit appears to concern pending state criminal charges against him. Plaintiff's suit would appear to imply the invalidity of those pending state criminal charges, and thus, is not cognizable here. His lawsuit would also interfere with pending state criminal proceedings.

The Complaint is also subject to summary dismissal due to Plaintiff's failure to name a proper Defendant. Plaintiff sues the Charleston City Police Department. Even liberally construing the Complaint as alleging a claim of "excessive force" during his arrest, it is well settled that only "persons" may act under color of state law. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). The Charleston City Police Department is not a "person" amenable to suit for purposes of § 1983. *See Burris v. N. Charleston Police Dept.*, Case No. 2:13–cv–699–GRA–SVH, 2013 WL

2897031, *3 (D.S.C. June 13, 2013) (summarily dismissing police department); *McNeil v. Rock Hill Police Dept.*, Case No. 0:12–1933–CMC–SVH, 2012 WL 6863917, *2 (D.S.C. Dec. 27, 2012), *adopted by* 2013 WL 168050 (D.S.C., Jan. 16, 2013) (dismissing police department); *Green v. Murdaugh*, Case No. 5:12–1086–RMG–KDW, 2012 WL 1987764, *2 (D.S.C May 07, 2012), *adopted by* 2012 WL 1987259 (D.S.C. June 04, 2012) (dismissing because police department was not subject to suit under § 1983); *Milligan v. D.E.A.*, Case No. 3:13-2757-TLW-PJG, 2014 WL 897144, *5 (D.S.C. Mar. 6, 2014) (same, collecting cases).

### C. Plaintiff seeks relief that is unavailable or inappropriate

Finally, the *pro se* Plaintiff (in part) seeks relief that is unavailable or inappropriate. (DE# 1 at 9, "What I Want the Court to Do"). For example, he asks for the Court "to investigate the matter" and "have my court documents returned to me from Savage Law Firm." It is not the Court's function to "investigate" on behalf of parties or conduct their discovery for them. *See, e.g., Bails v. Mich. Dept. of Corrections*, 2009 WL 910768, *3 (W.D.Mich. April 2, 2009) ("it is not the court's function to investigate and prove Plaintiff's case"); *Webb v. Leopard*, 2007 WL 1033535 (S.D.Ga. March 29, 2007) (same). Parties are responsible for conducting their own investigation and discovery. See Federal Rules of Civil Procedure, Rules 26, 33 and 34.

### III. Recommendation

Accordingly, the Magistrate Judge **RECOMMENDS** that the Plaintiff's "Motion for Leave to Proceed *in forma pauperis*" (DE# 3) be **denied**, and that this case be **summarily dismissed**, without prejudice, and without issuance and service of process.

February 12, 2016
Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

The plaintiff's attention is directed to the ***Important Notice*** on following page:

Page **8** of 8

**Notice of Right to File Objections to Report and Recommendation**

  The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

  Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

  **Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).